**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

05 NOV 14 PM 2:05

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

TONY LUCIBELLO,

        Plaintiff,

vs.

ORIGAMI, INC., a Florida corporation, and
INLAND SOUTHEAST CYPRESS TRACE,
L.L.C., a foreign limited liability company,

        Defendants.
_____/

CASE NO.

2:05-cv-537-FtM-29 SPC

## COMPLAINT

Plaintiff, TONY LUCIBELLO ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and hereby sues ORIGAMI, INC., a Florida corporation, and INLAND SOUTHEAST CYPRESS TRACE, L.L.C., a foreign limited liability company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court, Ft. Myers Division pursuant to 28 U.S.C. § 1391 (B) and the Local Rules of the United States District Court for the Middle District of Florida.

3. Plaintiff, TONY LUCIBELLO (hereinafter referred to as "MR. LUCIBELLO") is a resident of the State of Florida and is a qualified individual with a

disability under the ADA. MR. LUCIBELLO suffers from Multiple Sclerosis, which constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations. Mr. Lucibello requires a wheelchair to ambulate. Prior to instituting the instant action, MR. LUCIBELLO visited the Defendants' premises, **Origami's Restaurant and Cypress Trace**, located at and around **13300 S. Cleveland Avenue, Fort Myers, Florida** (hereinafter collectively referred to as the "RESTAURANT and SHOPPING CENTER"), and was denied full, safe and equal access to the subject properties of Defendants which are the subjects of this lawsuit due to the barriers to access which exist and their lack of compliance with the ADA. MR. LUCIBELLO continues to desire and intends to visit the RESTAURANT and SHOPPING CENTER but continues to be denied full and safe access due to the barriers to access which continue to exist in violation of the ADA.

4. The Defendant, ORIGAMI, INC., a Florida corporation, (hereinafter referred to as "ORIGAMI") is authorized to conduct and is conducting business in the State of Florida. Upon information and belief, ORIGAMI is the owner, lessee and/or operator of one of the real properties and improvements which are the subjects of this action, to wit: the RESTAURANT.

5. The Defendant, INLAND SOUTHEAST CYPRESS TRACE, L.L.C., a foreign limited liability company, (hereinafter referred to as "INLAND") is authorized to conduct and is conducting business in the State of Florida. Upon information and belief, INLAND is the owner, lessee and/or operator of one of the real properties and improvements which are the subjects of this action, to wit: the SHOPPING CENTER.

6. All events giving rise to this lawsuit occurred in the Middle District of Florida, Lee County, Florida.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### As to Defendant, ORIGAMI INC

7. Plaintiff re-alleges and re-avers paragraphs 1-6 as they were expressly restated herein.

8. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508 (A).

9. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the RESTAURANT owned and operated by ORIGAMI is a place of public accommodation in that it is a RESTAURANT which provides goods and services to the public.

10. Defendant, ORIGAMI has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the RESTAURANT in derogation of 42 U.S.C. § 12101 et. seq.

11. The Plaintiff has been unable to and continues to be unable to enjoy full, safe and equal access to the benefits of the goods and services offered at the RESTAURANT owned and operated by ORIGAMI. Prior to the filing of this lawsuit, Plaintiff visited the RESTAURANT and was denied full, safe and equal access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the RESTAURANT owned and operated by ORIGAMI, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access and the architectural barriers which remain at the RESTAURANT owned and operated by

ORIGAMI, in violation of the ADA. MR. LUCIBELLO has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

13. ORIGAMI is in violation of 42 U.S.C. § 12181 et.seq. and 28 C.F.R. § 36.302 et.seq. and is discriminating against the Plaintiff due to ORIGAMI's failure to provide, *inter alia,* the following non-complete list of barriers to access:

　i.　There is a lack of proper accessible signage at the restroom door;

　ii.　The restroom door is too heavy;

　iii.　There is a lack of sufficient floor clearance at the restroom door;

　iv.　The restroom / stall is too small;

　v.　There is no rear grab bar present in the restroom stall;

　vi.　There is a lack of maneuvering space inside the restroom;

　vii.　There is an insufficient number of accessible seating positions throughout the facility;

14. There are other current barriers to access and violations of the ADA at the RESTAURANT owned and operated by ORIGAMI which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Pursuant to the ADA, 42 U.S.C. § 12101 et.seq. and 28 C.F.R. § 36.304, ORIGAMI was required to make the RESTAURANT, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, ORIGAMI has failed to comply with this mandate.

17. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by ORIGAMI pursuant to 42 U.S.C. § 12205.

18. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against ORIGAMI and requests the following injunctive and declaratory relief:

    A. That the Court declare that the propery owned and administered by ORIGAMI is violative of the ADA;

    B. That the Court enter an Order directing ORIGAMI to alter the RESTAURANT to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing ORIGAMI a to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow ORIGAMI to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### As to Defendant, INLAND

19. Plaintiff re-alleges and re-avers paragraphs 1-6 as they were expressly restated herein.

20. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508 (A).

21. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the SHOPPING CENTER owned and operated by INLAND is a place of public accommodation in that it is a SHOPPING CENTER which provides goods and services to the public.

22. Defendant, INLAND has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the SHOPPING CENTER in derogation of 42 U.S.C. § 12101 et. seq.

    i.    There are curb ramps at the facility that lack proper flared sides and/or edge protection;

    ii.    There are curb ramps at the facility that are too steep;

    iii.    The accessible parking spaces are not properly dispersed so that they are

on the shortest accessible route to the entrance(s) to the facility;

23. There are other current barriers to access and violations of the ADA at the SHOPPING CENTER owned and operated by INLAND which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

24. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

25. Pursuant to the ADA, 42 U.S.C. § 12101 et.seq. and 28 C.F.R. § 36.304, INLAND was required to make the SHOPPING CENTER a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, INLAND has failed to comply with this mandate.

26. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by ORIGAMI and INLAND pursuant to 42 U.S.C. § 12205.

27. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against INLAND and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by INLAND is violative of the ADA;

B. That the Court enter an Order directing INLAND to alter the RESTAURANT and/or SHOPPING CENTER to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing INLAND to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow INLAND to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated November 9, 2005.                      Respectfully submitted,

By: /s/Stephan M. Nitz
Stephan M. Nitz, Esq.
Florida Bar No. 45561
Schwartz Zweben & Slingbaum,
Attorneys for Plaintiffs
3876 Sheridan Street
Hollywood, Florida 33021
Telephone:   (954) 966-2483
Facsimile:    (954) 966-2566