```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

TONY LUCIBELLO,

                    Plaintiff,

vs.                                   Case No.   2:05-cv-537-FtM-29SPC

ORIGAMI,   INC;   INLAND   SOUTHEAST
CYPRESS TRACE, L.L.C.,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Strike Defendant Origami Inc's Immaterial and Scandalous Affirmative Defense Number 5 (Doc. #14), filed on December 20, 2005. Defendant filed a Response (Doc. #15) on January 5, 2006.

On November 14, 2005, plaintiff filed a Complaint (Doc. #1) seeking relief under the Americans with Disabilities Act (ADA). Defendant Inland Southeast Cypress Trace, L.L.C. filed an Answer and Defenses to Complaint (Doc. #7) on December 7, 2005, and defendant Origami, Inc. (Origami) filed an Answer and Affirmative Defenses (Doc. #10) on December 12, 2005.  Plaintiff seeks to strike affirmative defense number five from Origami's affirmative defenses pursuant to Fed. R. Civ. P. 12.

Defendant Origami's fifth affirmative defense states:

> The Complaint was brought for an improper purpose as evidenced by the lack of pre-suit notice and lack of a reasonable opportunity to cure prior to the filing of this action.

(Doc. #10, p. 3).  Plaintiff argues that the defense "casts a derogatory light on the Plaintiff and his counsel," and "detracts from the dignity of the Court."  (Doc. $14, p. 3).  Plaintiff does not otherwise specify whether pre-notice is an immaterial or insufficient defense, and both parties' arguments center on the issue of attorney's fees as a motive for filing suit.  The Court finds that the issue of attorney's fees is irrelevant to the viability of the defense.

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties.  Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

The ADA may be enforced pursuant to 42 U.S.C. § 12188(a) by the filing of a civil action for injunctive relief under 42 U.S.C. § 2000a-3(a).  Before the filing of a civil action, the only notification required by statute is to the state or local authority prohibiting such act or practice under state or local law.  See 42 U.S.C. § 2000a-3(c).  Although pre-suit notice is strongly encouraged in the Middle District of Florida, and the failure to at least attempt pre-suit notice may be considered in conjunction with any attorney fees application, pre-suit notice to defendant and opportunity to cure is not required to state a claim.  See

-2-

<u>Association for Disabled Ams. v. Integra Resort Mgmt., Inc.</u>, 385 F. Supp. 2d 1272 (M.D. Fla. 2005)(collecting cases).  Bringing suit for an "improper purpose" is not a defense to the ADA claims.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion to Strike Defendant Origami Inc's Immaterial and Scandalous Affirmative Defense Number 5 (Doc. #14) is **GRANTED** to the extent that defendant Origami, Inc.'s affirmative defense number five is **stricken**.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of January, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record